# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-60400

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ANTHONY CABANISS,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-CR-80-1

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Cabaniss pled guilty to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), but reserved the right to appeal the district court's denial of three motions to suppress. We affirm.

I

Captain Palmer of the Mississippi Bureau of Narcotics received a tip from a confidential informant that Jeremy Emerson was dealing marijuana and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

storing marijuana in a camper on a relative's property. The informant further stated that Emerson's supplier, Cabaniss, was soon going to deliver drugs in a white truck with Oklahoma license plates. Palmer commenced surveillance of Emerson's apartment, and a truck matching this description soon arrived.

After the truck left, Palmer alerted Mississippi Highway Patrol Trooper George that a white truck with Oklahoma plates was in the area and was suspected of transporting marijuana. Palmer instructed George to stop the truck if it violated any traffic laws. George spotted the truck and initiated a stop for the stated purpose of issuing a citation for traveling 70 miles per hour in a 55 mile-per-hour zone. George noticed that the driver, Cabaniss, smelled of alcohol. George did not have a portable intoxylizer test with him, and because it was raining, George could not administer a field sobriety test. He decided to take Cabaniss to the police station for an intoxylizer test.

Because neither of Cabaniss's passengers had driver's licenses, George called for the truck to be towed. A tow truck arrived and transported the truck to a nearby service station. While at the station, two officers brought drug-sniffing dogs to test the truck, and a third officer performed an inventory search—all without a search warrant. The inventory search revealed a small amount of marijuana in the truck's cab.

Meanwhile at the sheriff's office, Cabaniss passed the intoxylizer test. But when Palmer began asking Cabaniss about his affairs that day, Cabaniss provided some responses that were inconsistent and suspicious, and others that corroborated information a confidential informant had given Palmer about Cabaniss. Palmer secured and executed a search warrant for Emerson's camper. The search uncovered approximately 35 pounds of marijuana. Four days later, officers received a confidential tip that additional drugs were located in Cabaniss's impounded truck. They performed a warrantless search and found methamphetamine in a plastic container inside the truck's breather.

Cabaniss was charged with conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(C); conspiracy to possess cocaine hydrochloride with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C); and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841 (b)(1)(A). He filed three motions to suppress. The district court held a suppression hearing and denied each motion. Thereafter, Cabaniss pled guilty to Count 1 but reserved the right to appeal the denial of his suppression motions. The district court sentenced Cabaniss to 84 months' imprisonment and three years' supervised release. Cabaniss pursues this appeal, claiming that the district court erred in denying his suppression motions.

II

Cabaniss's motions to suppress related to three allegedly unconstitutional acts by the police. The first motion claimed that the initial stop was unconstitutional. Cabaniss argued in the second motion that he was unconstitutionally detained after the stop. In the third motion, Cabaniss claimed that the second truck search was unconstitutional. For the first and second motions, Cabaniss claims the district court should have suppressed three pieces of evidence: (1) the small amount of marijuana found in the cab of his truck, (2) the methamphetamine found in the breather of his truck, and (3) the approximately 35 pounds of marijuana found in Emerson's camper. For the third motion, he argues that the court should have suppressed only the drugs found in his truck.

When a district court denies a motion to suppress evidence, we review its factual findings for clear error and its conclusions of law de novo.[1] We may

---

[1] See United States v. Muniz-Melchor, 894 F.2d 1430, 1433-34 (5th Cir. 1990).

correct an error unless it is harmless.[2] "'In the context of suppression of evidence, the test for harmless error is whether the trier of fact would have found the defendant guilty beyond a reasonable doubt if the evidence had been suppressed.'"[3]

The count to which Cabaniss pled guilty only involved the 35 pounds of marijuana found in Emerson's camper. If the district court had suppressed the other drugs, Cabaniss's guilty plea and the marijuana found in the camper would have demonstrated his guilt on Count 1 beyond a reasonable doubt. Thus, any error in failing to suppress the other drugs was harmless. We therefore affirm the district court with regard to that evidence.

Furthermore, assuming for the sake of argument that Cabaniss's stop and detention were unconstitutional, Cabaniss inadequately briefed his claim that, as a result, the district court should have suppressed the marijuana found in Emerson's camper. Cabaniss conceded at oral argument that he lacks standing to challenge the camper search. His only complaint is that "Captain Jeff Palmer . . . made the facts surrounding the initial stop and the information gained there-from a major portion" of the affidavit he used to secure the search warrant for the camper. Cabaniss does not cite any law or facts to support this claim. It is therefore waived.[4]

Even if we were to consider this argument, our case law and the record do not support Cabaniss's suppression argument. Under our "independent source" jurisprudence, a lawful search supported by a warrant is deemed to result from a source independent of a prior Fourth Amendment violation if (1) the police

---

[2] See FED. R. CRIM. P. 52(a).

[3] United States v. Willingham, 310 F.3d 367, 372 (5th Cir. 2002) (quoting United States v. Aucoin, 964 F.2d 1492, 1499 (5th Cir. 1992) (internal quotation marks and alterations omitted)).

[4] See FED. R. APP. P. 28(a)(9)(A) (stating that the appellant's brief must contain "citations to the authorities . . . on which the appellant relies").

would have sought a warrant even without the violation, and (2) the warrant would have been supported by probable cause if the supporting affidavit had not contained information obtained from the prior violation.[5] The search warrant was primarily supported by a confidential informant's tip that Emerson was storing drugs in the camper. The tip predated the allegedly unconstitutional seizure and detention. The affidavit used to obtain the warrant indicated that the informant had been reliable in the past and explained that the police had corroborated numerous details of this particular tip apart from any fruit of the allegedly unconstitutional seizure and detention. Hence, even if we were to reach this issue, we would conclude that the search was based on an independent source.

*  *  *

Cabaniss's conviction is AFFIRMED.

---

[5] See United States v. Runyan, 290 F.3d 223, 235 (5th Cir. 2002).